**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt, Bar No. 016631997
krosenblatt@littler.com
Rachel Simone Frey, Bar No. 217592017
rfrey@littler.com
One Newark Center, 8th Floor
Newark, New Jersey  07102
Telephone:     973.848.4700
Fax No.:         973.643.5626
Attorneys for Defendants
GEO SECURE SERVICES, LLC
 AND THE GEO GROUP, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL TARIQ MUHAMMAD,<br><br>       Plaintiff,<br><br>vs.<br><br>GEO SECURE SERVICES, LLC and<br>GEO GROUP, INC.,<br><br>       Defendants. | Civil Action No. 2:23-cv-01467-CCC-JSA<br><br><br>**ANSWER TO COMPLAINT AND<br>SEPARATE DEFENSES** |

Defendants GEO Secure Services, LLC and The GEO Group, Inc. ("Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby answer the Complaint of Plaintiff Al Tariq Muhammad ("Plaintiff") as follows:

### AS TO JURISDICTION

1.      The allegations contained in Paragraph 1 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit the allegations.

2.      The allegations contained in Paragraph 2 constitute a legal conclusion to which no response is required.  To the extent a response is required, except to admit this Court has

jurisdiction over this matter, Defendants deny there is any operative facts to support the federal claims.

3.    The allegations contained in Paragraph 3 constitute a legal conclusion to which no response is required.   To the extent a response is required, except to admit this Court has supplemental jurisdiction over this matter, Defendants deny there is any operative facts to support the state claims.

### AS TO VENUE

4.    The allegations contained in Paragraph 4 constitute a legal conclusion to which no response is required.   To the extent a response is required, except to admit venue is proper, Defendants deny any unlawful practices occurred.

### AS TO PARTIES

5.    The allegations contained in Paragraph 5 include legal conclusions to which no response is required.   To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore, deny same.

6.    Defendants admit the allegations contained in Paragraph 6.

7.    Defendants admit the allegations contained in Paragraph 7.

8.    Except to admit that GEO Secure Services, LLC ("GEO Secure") oversees operation and management of secure facilities and processing centers, Defendants deny the allegations contained in Paragraph 8.

9.    The allegations contained in Paragraph 9 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit they each employ at least 60 employees.

## AS TO EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.    Defendants admit the allegations contained in Paragraph 10.

11.    Defendants admit the allegations contained in Paragraph 11.

12.    Defendants admit the allegations contained in Paragraph 12.

## AS TO THE ALLEGED FACTUAL BACKGROUND

13.    Defendants repeat and reassert their responses to the previous Paragraphs as if fully set forth herein.

14.    Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, and therefore, deny the same.

15.    Defendants deny the allegations contained in Paragraph 15.

16.    Except to admit that Community Education Centers hired Plaintiff in 2008 at Logan Hall in Newark, New Jersey, that GEO Secure began operating the facility in April 2017, and that Plaintiff temporarily remained at that facility with the same job responsibilities, Defendants deny the allegations contained in Paragraph 16.

17.    The allegations contained in Paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18.    Except to admit that for a period of time Plaintiff worked the third shift and his duties included taking count of residents and monitoring individuals entering the building, Defendants deny the allegations contained in Paragraph 18.

19.    Except to admit that Plaintiff's job responsibilities included monitoring cameras and opening and closing gates as needed, Defendants deny the allegations contained in Paragraph 19.

20.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and therefore, deny the same.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and therefore, deny the same.

22.     Defendants deny the allegations contained in Paragraph 22.

23.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and therefore, deny the same.

24.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and therefore, deny the same.

25.     Except to deny Plaintiff received the referenced letter from Defendants, Defendants admit the allegations contained in Paragraph 25.

26.     Except to admit that Plaintiff's physician checked the blank on the Certification of Health Care Provider form stating that Plaintiff's disability did not prevent him from performing the essential functions of his job (one of which was the ability to work overtime), and that the same form stated Plaintiff was limited in performing the essential function of working overtime, Defendants deny the allegations contained in Paragraph 26.

27.     Except to admit that on or about March 8, 2021, Plaintiff's physician filled out the "Fit for Duty" form, Defendants deny the allegations contained in Paragraph 27.

**AS TO THE ALLEGED FAILURE TO ACCOMMODATE MEDICAL CONDITION**

28.     Except to admit that on April 6, 2021, Plaintiff met with Human Resources and was informed he was being placed on leave because his requested accommodation could not be granted and he could not perform the essential functions of his job, Defendants deny the allegations contained in Paragraph 28.

29.    Except to admit that on April 6, 2021, Defendants placed Plaintiff on leave because he could not perform the essential functions of his job, which included being able to work overtime, Defendants deny the allegations contained in Paragraph 29.

30.    The allegations contained in Paragraph 30 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

31.    The allegations contained in Paragraph 31 constitute legal conclusions to which no response is required.  To the extent a response is required, except to admit that Plaintiff was placed on leave, Defendants deny the allegations.

32.    Defendants deny the allegations contained in Paragraph 32.

33.    The allegations contained in Paragraph 33 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

34.    Except to admit Plaintiff was terminated for failing to return from his approved leave or provide a doctor's note requesting an extension of that leave, Defendants deny the allegations contained in Paragraph 34.

**AS TO CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**Alleged Disability Discrimination in Violation of the**
**Americans with Disabilities Act**
**(42 U.S.C. § § 12101, et seq.)**

35.    Defendants repeat and reassert their responses to the previous Paragraphs as if fully set forth herein.

36.    The allegations contained in Paragraph 36 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Americans with Disabilities Act ("ADA") for its complete text, and deny any violation of that statute.

37.    The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required.  To the extent a response is required, except to admit they are employers, Defendants deny the allegations.

38.    The allegations contained in Paragraph 38 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

39.    The allegations contained in Paragraph 39 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the ADA for its complete text, and deny any violation of that statute.

40.    The allegations contained in Paragraph 40 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the ADA for its complete text, and deny any violation of that statute.

41.    The allegations contained in Paragraph 41 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

42.    The allegations contained in Paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the ADA regulations for their complete text, and deny any violation of that statute.

43.    The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the ADA regulations for their complete text, and deny any violation of that statute.

44.    The allegations contained in Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the ADA regulations for their complete text, and deny any violation of that statute.

45.     The allegations contained in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

46.     The allegations contained in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

47.     The allegations contained in Paragraph 47 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

48.     The allegations contained in Paragraph 48 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

49.     The allegations contained in Paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

50.     The allegations contained in Paragraph 50 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

51.     The allegations contained in Paragraph 51 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**AS TO SECOND CAUSE OF ACTION**
**Alleged Discrimination Based on Disability**
**In Violation of the Rehabilitation Act of 1973**
**(29 U.S.C. § 794(a))**

52.     Defendants repeat and reassert their responses to the previous Paragraphs as if fully set forth herein.

53.     The allegations contained in Paragraph 53 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, deny same.

54.     The allegations contained in Paragraph 54 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

55.     The allegations contained in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

56.     The allegations contained in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

57.     The allegations contained in Paragraph 57 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Rehabilitation Act for its complete text, and deny any violation of that statute.

58.     The allegations contained in Paragraph 58 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

59.     The allegations contained in Paragraph 59 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

60.     The allegations contained in Paragraph 60 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**AS TO THIRD CAUSE OF ACTION**
**Alleged Declaratory Relief**

61.     Defendants repeat and reassert their responses to the previous Paragraphs as if fully set forth herein.

62.     The allegations contained in Paragraph 62 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations, but deny Plaintiff has any basis in law or fact for his claims.

63.     Defendants admit the allegations contained in Paragraph 63.

64.     The allegations contained in Paragraph 64 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### AS TO FOURTH CAUSE OF ACTION
**Alleged New Jersey Law Against Discrimination (NJLAD)**

70.     Defendants repeat and reassert their responses to the previous Paragraphs as if fully set forth herein.[1]

71.     The allegations contained in Paragraph 71 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

72.     The allegations contained in Paragraph 72 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the New Jersey Law Against Discrimination ("LAD") and its caselaw, and deny any violation of that statute.

73.     The allegations contained in Paragraph 73 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

74.     The allegations contained in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

75.     The allegations contained in Paragraph 75 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

76.     The allegations contained in Paragraph 76 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations. Defendants also deny Plaintiff was subjected to a hostile work environment.

77.     The allegations contained in Paragraph 77 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

---

[1] Plaintiff incorrectly lists the first Paragraph of the Fourth Cause of Action as Paragraph 70, skipping Paragraphs 65-69, and Defendants have done the same accordingly.

78.     The allegations contained in Paragraph 78 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

79.      The allegations contained in Paragraph 73 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

Defendants deny Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 79, including the relief sought in the Prayer for Relief clause.

80.     The allegations contained in Paragraph 80 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### AS TO PRAYER FOR RELIEF AND JURY TRIAL DEMAND

Defendants deny Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause in Plaintiff's Prayer for Relief, including the relief listed in sub-Paragraphs 1-10 and 12. To the extent the Prayer for Relief contains any factual allegations, Defendants deny them, except to admit Plaintiff has demanded a trial by jury.

### DEFENSES

Defendants assert the following defenses, without assuming any burden of proof they do not have as a matter of law:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages may be granted, and Defendants' good faith conduct and efforts to prevent and address unlawful discrimination and harassment, and to reasonably accommodate Plaintiff, preclude such an award.

**THIRD DEFENSE**

The Complaint fails to state a claim upon which an award of attorneys' fees may be granted.

**FOURTH DEFENSE**

Insofar as Plaintiff purports to allege a claim or claims for negligence, physical harm or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 *et seq.*

**FIFTH DEFENSE**

Defendant(s) relied upon legitimate, non-discriminatory factors in making employment decisions regarding Plaintiff.

**SIXTH DEFENSE**

Plaintiff's claims, or the damages he may recover, are barred or at least reduced by his failure to mitigate damages.   Alternatively, if Plaintiff did mitigate his alleged damages, Defendants are entitled to an offset, in the amount that Plaintiff received or earned, against any damages allegedly due to him.   Defendants are also entitled to an offset for any period of time in which Plaintiff allegedly could not work due to a purported disability.

**SEVENTH DEFENSE**

Defendants are entitled, with regard to any damages to which Plaintiff may allegedly be entitled, to an offset in the amount that Plaintiff could have received or earned through the exercise of reasonable diligence.

**EIGHTH DEFENSE**

Defendant(s) exercised reasonable care to prevent and promptly correct any allegedly discriminatory or harassing behavior (including by having in place a clear and well-disseminated

- 11 -

policy against such conduct, and a reasonable and available procedure for promptly and effectively handling such complaints), and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant(s) or to otherwise avoid harm.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because he was not a qualified individual with a disability.

### TENTH DEFENSE

Assuming Plaintiff had an alleged disability requiring reasonable accommodation, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to request a reasonable accommodation.

### ELEVENTH DEFENSE

Assuming Plaintiff had an alleged disability requiring a reasonable accommodation, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff breached his duty to make a good faith effort to accommodate his disability through Defendant(s)' proffered means.

### TWELFTH DEFENSE

Assuming Plaintiff had an alleged disability requiring reasonable accommodation, to the extent Defendant(s) did not provide an accommodation or a further accommodation, Defendant(s) did not do so because the alleged disability could not have been reasonably accommodated in light of the essential functions of Plaintiff's position, and/or because any accommodation or further accommodation would have imposed an undue hardship on Defendant(s).

### THIRTEENTH DEFENSE

Defendants reserve the right to pursue additional affirmative defenses as they become known.

**WHEREFORE**, Defendants request judgment denying all of Plaintiff's claims for relief against them, dismissing the Complaint against them with prejudice, and granting an award of attorneys' fees and costs of suit.

## DEMAND FOR STATEMENT OF DAMAGES

Under Local Civil Rule 8.1, Defendants demand a written statement of the amount of damages claimed by Plaintiff within fourteen days of service of the within Answer.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

The undersigned counsel for Defendants certifies that to the best of her knowledge and belief, the above-captioned controversy is not subject to any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: July 19, 2023                                         **LITTLER MENDELSON, P.C.**


                                                             */s/Rachel Simone Frey*
                                                             Keith J. Rosenblatt
                                                             Rachel Simone Frey

                                                             Attorneys for Defendants
                                                             GEO Secure Services, LLC and
                                                             The GEO Group, Inc.

## CERTIFICATION OF SERVICE

I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the foregoing Answer and Defenses to the Complaint to be served upon Frasilie Stinvil, Esq., Stinvil Law P.L.L.C., 41 Madison Avenue, Suite 2503, New York, NY 10010, attorneys for Plaintiff, via the Court's electronic filing system.

By:     *s/Rachel Simone Frey*

Rachel Simone Frey

Dated: July 19, 2023