**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AL TARIQ MUHAMMAD,<br><br>    Plaintiff,<br><br>vs.<br><br>GEO SECURE SERVICES, LLC and<br>GEO GROUP, INC.,<br><br>    Defendants. | Civil Action No.  2:23-cv-01467-CCC-JSA<br><br><br><br><br><br>**DISCOVERY CONFIDENTIALITY**<br>**ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is STIPULATED and ORDERED as follows:

1.  Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection as confidential and strictly limited to use in connection with this litigation (collectively "Confidential Material"). Any party to this litigation or non-party covered by this Stipulation and Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same as "CONFIDENTIAL."

2.  Any party to this litigation and any non-party shall have the right to designate as

"Attorneys' Eyes Only" and subject to this Stipulation and Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Stipulation and Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY."

3.    All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution, defense, or resolution of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.    Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

(a)    Outside counsel (herein defined as any attorney at the parties' outside law firms,

2

which firms have appeared in the action) and relevant in-house counsel for the parties;

(b)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g)     The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

5.     Confidential Material shall be used only by individuals permitted access to it under Paragraph 4. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders

3

such disclosure.

6.       Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a)       Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)       In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

(c)       Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d)       Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)       The Court and court personnel;

(f)       Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g)       Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h)       To such other persons as counsel for the producing party agrees or as ordered by

4

the Court.

7.      Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.      With respect to any depositions that involve a disclosure of Confidential Material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential Material or Attorneys' Eyes Only material, or both, during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f), and (g) for Confidential Material, or Paragraph 6 or Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (f), and (g) or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9.      If counsel for a party receiving documents or information designated as

Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.l(a)(l), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10.     If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

11.     Data Breach. If a party learns that material that party received in discovery pursuant to this Stipulation and Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the

breach.

12.     The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Stipulation and Order.

13.     The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the receiving party shall immediately return it to the producing party and retain no copies. That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection

7

after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

14.    If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Stipulation and Order. The party receiving the demand shall not disclose any Confidential or Attorneys Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

15.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only material under this Stipulation and Order.

16.    This Stipulation and Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulation and Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.    This Stipulation and Order shall survive the termination of this action and shall

8

remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties.

18.     After the final conclusion of this litigation (including all appeals and petitions for certiorari), the attorneys for the parties shall be permitted to retain copies of any Confidential and Attorney's Eyes Only materials in furtherance of and for professional liability purposes. Any party retaining the Confidential and Attorney's Eyes Only materials for such purposes shall protect such Confidentiality and Attorney's Eyes Only materials pursuant to this Agreement. This Agreement shall remain in force indefinitely after the conclusion of this litigation.

19.     The Parties agree to abide by the above stipulations regardless of whether they are so ordered by the Court.

**SO ORDERD:**

Dated:  March 4, 2024                                    s/Jessica S. Allen            , U.S.M.J.

**SO STIPULATED:**

**STINVIL LAW P.L.L.C.**                        **LITTLER MENDELSON, P.C.**

*s/ Frasilie Stinvil*                                  *s/ Rachel Simone Frey*
Frasilie Stinvil, Esq.                            Keith J. Rosenblatt, Esq.
Attorneys for Plaintiff                           Rachel Simone Frey, Esq.
                                                  Attorneys for Defendants

Dated:  February 29, 2024                         Dated: March 1, 2024

9

**EXHIBIT A**

AL TARIQ MUHAMMAD,

                            Plaintiff,

vs.

GEO SECURE SERVICES, LLC and
GEO GROUP, INC.

                            Defendants.

Civil Action No. 2:23-cv-01467-CCC-JSA

**AGREEMENT TO BE BOUND BY**
**<u>DISCOVERY CONFIDENTIALITY</u>**
**<u>ORDER</u>**

I, _____, being duly sworn, state that:

1.     My address is _____.

2.     My present employer is _____ and the address of my present employment is _____.

3.     My present occupation or job description is _____.

4.     I have carefully read and understood the provisions of the Discovery Confidentiality Order ("Order") in this case, and I will comply with all provisions of it.

5.     I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.     I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.     No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____
                                              [Name]